UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.  4:21-CR-195 HEA ) |
| MARQUISE LAMAR NETTLES, | ) ) |
| Defendant. | ) |

## ORDER OF DETENTION

This matter is before the Court following a hearing on Defendant's detention pending resolution of the First Amended Petition for Warrant or Summons for Offender under Supervision [ECF No. 72],[1] the Government's Motion for Prehearing Detention [ECF No. 71], and Supplemental Motion for Prehearing Detention [ECF No. 73].  Defendant appeared with counsel.  The Government appeared through an assistant United States attorney.  A probation officer appeared.

Defendant's probation officer filed the Petition seeking revocation of Defendant's supervised release on the grounds that Defendant violated the following conditions: (1) must not commit another federal, state or local crime; (2) must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon; (3) refrain from any unlawful use of a controlled substance; (4) submit to substance abuse testing; (5) follow the instructions of the probation officer related to the conditions of supervision; (6) report to the probation office in the district where you are authorized to reside within 72 hours of the time you were sentenced; (7) allow the probation officer to visit you at any time at your home or elsewhere, and permit the probation officer to take any items prohibited by the conditions of supervision; (8) work full-time at a lawful type of employment; and (9) participate in a substance abuse treatment program.

---

[1] At the hearing, Defendant waived his right to a preliminary hearing [ECF No. 78].

More specifically, Defendant was charged with five felonies in State court in November 2024 that included assault and weapons possession.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), regarding a person held in custody for violating supervised release, "the [m]agistrate judge may release or detain the person under 18 U.S.C. § 3143 (a)(1) pending further proceedings." In addition, Rule 32.1(a)(6) provides that, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Accordingly, the Court "shall order" that a defendant "be detained unless the judicial officer finds by clear and convincing evidence that [the defendant] is not likely to flee or pose a danger to the community…." 18 U.S.C. § 3143(a)(1).

The Government requested detention for the following reasons, among others: Defendant is a flight risk because he has absconded from supervision. This is Defendant's second revocation case. His recent arrest involved a fleeing vehicle that contained three weapons.

Defense counsel argued the following in support of release: Defendant has attended "some" treatment sessions. Defendant worked at a heating and cooling company. Defendant has a five-year-old daughter, and his mother recently passed away. Defendant's State cases were dismissed. Defendant has been in custody since November 2024.

At the hearing, U.S. Probation recommended detention based primarily on the allegations in the Petition. The Probation officer stated, in addition as follows: Defendant failed numerous drug tests and failed to comply with treatment conditions. Defendant was unavailable on six occasions for a home visit from U.S. Probation. Defendant failed to verify employment.

After considering the record before this Court, the Court concludes that Defendant failed to establish by clear and convincing evidence that he is amenable to supervision and will not pose a flight risk or a danger to any other person or to the community. In addition, the Government proved by clear and convincing evidence that Defendant is a danger to the

2

community and a flight risk, and no conditions or combination of conditions will assure the safety of the community or Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Prehearing Detention and Supplemental Motion for Prehearing Detention [ECF Nos. 71 and 73] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Marquise Lamar Nettles, be detained prior to a Final Supervised Release Revocation Hearing on **March 26, 2025 at 11:30 a.m**. before the **Honorable Henry E. Autrey**.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the U.S. Marshal pending the final revocation hearing in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for purpose of an appearance in connection with a court proceeding.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of January, 2025